## IN THE UNITEED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Luz Rosario De Leon<br><br>**Plaintiff**<br><br>Vs.<br><br>**JOMIL TORRES**<br>**P.R. HEALTH DEPARTMENT&**<br>**CADUCEUS HEALTHCARE INC.** | **TITLE VII CIVIL RIGHTS ACT**<br>**DISCRIMINATION**<br>**WRONGFUL DISCHARGE**<br>**NO 80 OF MAY 30 1976**<br>**TITLE 29,§§146** *et seq*<br><br>17-cv-2319 (JAG) |



### COMPLAINT

TO THE HONARABLLE COURT:

Comes Now, Plaintiff, PRO SE respectfully states and Praysfollows:

Jurisdiction, on TITLE VII The CIVIL RIGHTS Act on Age DISCRIMINATIONIN EMPLOYMENT Act of 1990 as amended, Under Puerto Rico law 80 of May 30 1976, WrongfulDischarge Act. Act No. 80 of May 30, 1976, as amended, P.R. Laws Ann. tit. 29, §§185a-185m, may be deemed in violations of other law.

### INTRODUCTION

1. This is an action that seeks the compensation and or indemnity damages suffered by plaintiff due to the Co-

defendants intentional and or retaliatory taken on the basis of age discrimination resulting in a Wrongful Termination of contract by employer.

2. This case was filed with the U.S. Equal Employment Opportunity Commission on, November 17, 2016(Charge no. 515-2017-00130).On or about a September 11, 2017,the EEO Commission sent Plaintiff Pro Se Certified letter, (Dismissal and Notice of Rights) along with a **NOTICE OF RIGHT TO SUE**, closing files charges' against *Caduceus Healthcare INC*. based on the following; *Based upon its investigation the EEOC is unable to conclude that the information obtained established violations of the statues. This does not certify that respondent is in compliance with the statues. No findings is made as to any other issues that might be constructed as having been raised by this charge, giving Plaintiff PRO SE the Right to Sue within 90 days from the day certified letter was sighed.*

3. On or About September 28, 2017 a second notice was sent Dismissal and Notice of Rights) along with a **NOTICE OF RIGHT TO SUE** by the EEO Commission closing files on charges against Puerto Rico Department of Health, based on Age discrimination*based on the following:Based upon its investigation the EEOC is unable to conclude that the information obtained established violations of the statues.*

2

*This does not certify that respondent is in compliance with the statues. No findings is made as to any other issues that might be constructed as having been raised by this charge, giving Plaintiff PRO SE the Right to Sue within 90 days from the day certified letter was sighed.*

## THE PARTIES

4. I am 61 years old female raised in the City of New York, living in my homeland for the past 25 years. I am an experienced, Clinical Research Nurse Phlebotomist, that was previously employed by, Caduceus Healthcare Inc. through a contract starting date May 9, 2016 ending May 9, 2017, as a, Data Entry Clerk, (Contractor Employee for the CDC), under Puerto Rico Department of Health rendering services for The Center for Disease Control and Prevention, during the Zika Virus Outbreak herein my homeland. Caduceus and The Puerto Rico Department of Health perform separate services and is supported of a Federal Contract awarded with the CDC for services performed in San Juan, Puerto Rico. Caduceus Healthcare Inc, main Headquarters is located in Atlanta Georgia and Provides Consulting and Staffing services in the USA and Puerto Rico as well. Ms. Yomil Torres is an Epidemiologist Supervisor, Employed by Puerto Rico Department of Health, for the CDC office, at the GSA Building.

3

PLAINTIFF STAETMENT

5. On May 9, 2016I began working at the GSA Building as a Data Entry Clerk, along with two additional employees both of (ages 24-26). The following day Ms. Yomil Torres, immediate supervisor gave one of the new employees Josue, a Desk with a computer. Approximately two weeks afterMs Torres, gave the second new employees Vanessa, a desk with a computer. These computers are located in the CDC main office. I was given a computer in a conference room is located at about 200 feet away from the main office. I wasn't happy with the way I was unfairly treated by Ms Torres, the same treated me differently from other employees. I send an email to, Dana Thomas, Head of the Zika Project the same is employed by the Puerto Rico Department of Health. Mrs Thomas, send me to work at the BCEL Building, Biological and Chemical Emergency Laboratory. However, I only worked two days at this location, this job is for a Laboratory Technician,not fora, Nurse Phlebotomist.I send another email to Dana Thomas telling her I Was going to return back to the GSA building as a Data Entry clerk. I do not have a Lab Technician Certificate. In addition, I worked eight hours without being able to sit down.

6. During this time, I requested a change of position with the CEO Officer, Carlos Lopez, I wanted the position as a Data

4

Abstractor, I was a former Data Abstractor, for the CDC for five years. I also requested a Phlebotomist opening that was posted in their web site. None were granted.

7. The following week a new employee, Lymari Del Rio, (age 35-38) began working in the same conference room with me. Appx. three weeks went by when Ms Torres, granted a desk and a computer to this employee in the CDC main office.

8. Ms Laura Cassinelli, (Age 57) was sent to the conference room ho work in my area. Shortly after this, two employees were sent from BCEL building to the conference room, one of age 50-55 and the other of about 30-35. However, the youngest employee was kept at the CDC main office by Ms Torres and the oldest was left at the conference room with me.

9. Approx. one month went by, when another new employee of about 23-25 years began to work with me at the conference room. Two weeks later this young employee was given a desk with a computer in the CDC main office. I have seniority over this new employees and have the same privileges they have.

10. Ms. Yomil is in Charge of all of the administration process in the GSA building concerning the CDC main office. She has been working for the CDC under the Puerto Rico Department of Health for 12 years. Ms Torres is the one who makes decisions and manages this location.

11. During this period, the CDC conducted an evaluation to all Data Entry personnel .The same were deficient in their work performance. They all had missing information, some more than others. I did approx. 70-80, even 100 entries a day. No other employee has reached this amount, confirmed by Ms Torres herself. My employer Caduceus Employer, took disciplinary action notice over this issue. I was handed a written Notice.

12. On November 15, 2017, I was approached by Aisha Miranda, Assistant supervisor, to inform that a meeting was being held with Ms Yomil Torres, regarding an incidence that took place the day before. This meeting was held because Jose a coworker requested it. Jose wanted to clarify that he did not tell Ms Torres, about amistake committed on a Case Report form. Ms Torres said "all of my data entries personnel make mistakes, if I was to report them, I won't have any Data Entry Personnel". Ms Torres also suggested I search for another job. The meeting escalated and I began to cry as a result I left.

13. About twenty minutes went by when I stop crying I was able to return back to the main office and told Ms Torres, that my congregation does not have gossip just like hers. Ms Torres did not like this statement she became angry and hostile, moving her shoulders and body and said "I going to resolve this with one phone call to Rebecca". I in return said "do as you please, God Gave me this job, He gave to me

6

he will take me out, Contrary to this you will have deal with the consequences" .Ms Torres said," what kind of consequences". I said "Consequences from God.

14. Immediately went to my work area and called Rebecca Ramos, Project Manager, she did not answer. However, ten minutes later Ms Ramos Called. I told her I need to speak to her. She said she was very busy but tomorrow I will see you and speak with you. I waited all day and she never came.

15. On November 17, 2017, Rebecca Ramos, Project Managerhanded Plaintiff a Termination Letter.

## Jurisdiction Prays On

16. The above captioned case is a discrimination claim filed pursuant to the provisions of Title VII of the Civil Rights Act of 1964 of Age Discrimination as amended in 1990, Act the discharged employee is entitled to an indemnification under Act No. 80 known as the *mesada*. This payment provides an exclusive remedy for an employee claiming unjust dismissal, and an employee No. 80 of May 30, 1976, as amended, P.R. Laws Ann. tit. 29, §§185a-185m, requires that employers have "just cause" to terminate the employment of an employee hired for an indefinite period of time. If it is determined that there is no just cause, can

present such a claim within three years of the effective discharge date. This statute, however, does not bar an employee from presenting other claims against his or her employer related to a termination, such as claims of discrimination or retaliation. For *disparate" treatment"* on behalf of Co Defendant, Jomil Torres, retaliatory actions as well as her improper training.Defendants are in violation of the Constitution of the United States and Puerto Rico Discrimination laws.
*Gomez-Perez vs Potter (06-1321)*

### RELIEF SOUGHT

17...Consequent of the Codefendant discriminatory and retaliatory action defendants are liable to Plaintiff PROSE For punitive damages. Plaintiff Pro Se, declare that Defendants' acts and practices deprived Plaintiff Pro Se of her federal rights as guaranteed by the Constitution of the United States and the Commonwealth of Puerto Rico;Co-Defendant to pay Plaintiff compensatory damages punitive damages for mental anguish pain, suffering,defamation and humiliation as well in the amount of at least $300,000.00 .

8

WHEREFORE, Plaintiff PRO SE, respectfully, demands the Court Grant the instant complaint in all its parts.

Luz Rosario
P.O Box 1168
Vega Baja P.R. 00693

Caduceus Health care INC.
Centro International de
Mercadeo Torre II
90 Carr 165. Suite 801
Guaynabo, P.R. 00968-8067

P.R. Department of Health
P.O. Box 70184
San Juan, P.R. 00936

GSA Building General Services
651 GSA Center
Cataño, PR. 00962

RESPECTFULLY SUBMITTED
IN SAN JUAN PUERTO RICO
Nov.27, 2017

*[signature: Luz M. Rosario]*

9